IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

                                     GOVERNMENT'S SENTENCING
                                     MEMORANDUM

          v.                                    Case No. 5:21-CR-00329-001 (FJS)

RAFAEL RONDON,

          Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the court sentence the defendant to serve a prison term of 20 months on Count 1, a 3–year term of supervised release, a $100 special assessment and forfeiture of the short-barreled shotgun alleged in the indictment. The defendant possessed a short-barreled shotgun, along with two unregistered handguns, hidden on rural property in Lewis County. Additionally, law enforcement located a Dark Storm Industries AR-15 lower receiver and an AR-15 upper receiver, which had been disassembled.  The firearm (sawed-off shotgun) barrel and the AR-15 components were discovered when the FBI executed a search warrant at another location, the defendant's residence in Watertown, New York.

# I

## INTRODUCTION

On December 16, 2022, the defendant entered a guilty plea to a one-count Indictment charging him with a violation of 26 U.S.C. Section 5861(d), possession of a firearm by a convicted felon.   The defendant is scheduled to be sentenced on June 27, 2023, in Syracuse, New York.

# II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.     Statutory Maximum and Minimum Sentences**

a) For his conviction for possession of an unregistered firearm, in violation of 21 U.S.C.§§ 5841, 5861(d) & 5871, he faces not more than 10-years imprisonment, and a fine of up to $250,000.00, a period of supervised release of up to three years, and forfeiture of the short-barreled shotgun alleged in the indictment.

**2.     Guidelines Provisions**

b) The Presentence Investigation Report indicates that the offense level is 18 (PSR ¶ 15). The United States agrees with this calculation.

c) The government will recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense(s) to which the defendant is pleading guilty and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. §3C1.1.

d) The government will move for a 1-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(b) if the government is convinced that the defendant has accepted responsibility within the meaning of U.S.S.G. §3E1.1(a) and further assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, and the defendant otherwise qualifies for such adjustment by having a combined offense level of 16 or more before receipt of any acceptance of responsibility adjustment under U.S.S.G. §3E1.1(a).

**3.      Criminal History Category**

According to the presentence report, the defendant's criminal history category is I (PSR ¶ 28). The United States agrees with the Probation Office's determination of the defendant's criminal history category.

**4.      Guidelines Range and Sentence**

The Presentence Report suggests that, absent any departures, the federal sentencing guidelines as set forth advise that the defendant receive a sentence of 18 to 24 months (PSR ¶ 57). Based upon information known to the government, he does not have the financial assets to pay a fine (PSR ¶ 55).

**II**

**GOVERNMENT'S SENTENCING RECOMMENDATION**

The defendant's crime was discovered after FBI Special Agents executed a search warrant at the residence of his parents in Watertown, where he also resided. During the course of that search, which was to locate evidence of the defendant's participation in the breach of the U.S. Capitol Building on January 6, 2021, the FBI located the sawed-off barrel of a 12- gauge shotgun in the defendant's bedroom. Closer examination of the gun barrel suggested it had been sawed off from the original firearm, rather than manufactured in that condition. This led FBI Special Agents to question the defendant about the location of the firearm from which the barrel section had been removed. At first the defendant, who was not in custody or restrained, denied that he was in possession of the balance of the shotgun. FBI Agents advised him that they would continue to search and investigate until the shotgun was located. Later, after protracted discussion with FBI Special Agents, and following consultation with his mother, the defendant reluctantly disclosed that the cutdown shotgun was located on another Rondon family-owned property a few miles away. After further discussion, Rafael Rondon and his mother accompanied FBI Special Agents to a rural property approximately 20 miles away from the Rondon residence in Watertown, New York. At this location, Rafael Rondon led agents to a shed located on the property.   Once there, and in the presence of law enforcement officers, the defendant reached under the shed and retrieved a vacuum-sealed plastic bag, in which was enclosed the sawed-off shotgun and two handguns (Exhibits 1a, 1b, 1c, and 1d). At no time has the defendant offered an explanation as to why, or for what purpose he possessed the sawed-off shotgun. A sawed-off shotgun is, by its very nature, useless for hunting or clay target shooting. It

is a lethal and easily concealed weapon. The fact that the defendant hid this firearm in a remote location shows that 1) he knew and appreciated its illegal nature, and 2) he understood that consequences would ensue if it was discovered by law enforcement authorities and he took steps to prevent that from happening.

Based on all of the information before the Court, the United States respectfully requests that the defendant be sentenced to serve 18 months imprisonment on Count 1, to be followed by a 3–year term of supervised release, and a $100 special assessment, as well as forfeiture of the short-barreled rifle alleged in the indictment.

The sentence that the government recommends is sufficient, but not greater than necessary, to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2). The defendant should be held accountable for his criminal actions in this case, and we urge the Court to impose the requested sentence as just punishment for his offense, to promote respect for the law, to reflect the seriousness of the offense, and deter others from similar violations of law.

Dated: June 20, 2023                                     Respectfully submitted,

                                                         CARLA B. FREEDMAN
                                                         United States Attorney


                                        By:     */s/ Richard R. Southwick*
                                                Richard R. Southwick
                                                Assistant United States Attorney
                                                Bar Roll No. 506265

                                                */s/ Stephen Green*
                                                Stephen Green
                                                Assistant United States Attorney
                                                Bar Roll No. 507767

5

# Exhibit 1a



# Exhibit 1b



# Exhibit 1c



# Exhibit 1d

