Prob 12B
(rev. 09/21)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**Request for Modifying the Conditions or Term of Supervision**
**with Consent of the Person Under Supervision**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Defendant: Rafael Rondon                    Case Number: 0206 5:21CR00329-001

Name of Sentencing Judicial Officer: Honorable Frederick J. Scullin, Jr., Senior U.S. District Judge

Date of Original Sentence: July 11, 2023

Original Offense: Possession of an Unregistered Firearm

Original Sentence: 14 months imprisonment and 3 years supervised release

Type of Supervision:  Supervised Release          Date Supervision Commenced: August 27, 2024

---

**PETITIONING THE COURT**

☐    To extend the term of supervision for  years, for a total of  years.

☒    To modify the conditions of supervision as follows:

ADD:

> Based upon your history of substance abuse, and for the purpose of effective substance abuse treatment programming, you must refrain from the use of alcohol and be subject to alcohol testing and treatment while under supervision.

> You must serve 30 days in home detention under conditions to be set by the probation officer. Your period of home detention must begin at the earliest practicable date after this modification is ordered. You are required to be in your place of residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or vocational programs, and such other times as may be specifically authorized by the probation officer or the Court. Location and/or monitoring technology must be used to monitor your compliance. You must pay all costs associated with the use of this system according to your ability to pay as determined by the probation officer.

**CAUSE**

On July 11, 2023, Rondon was sentenced in the Northern District of New York, to 14 months imprisonment with 3 years supervised release for Possession of an Unregistered Firearm. Of note, on November 29, 2023, Rondon was sentenced to 5 years' Probation for Obstruction of an Official Proceeding and Aiding and Abetting in the District of Columbia, following his involvement in the U.S. Capitol Riot on January 6, 2021. Although he was pardoned from the DC case, his term of supervised release in NDNY remains intact and is scheduled to expire on August 26, 2027.

Prob 12B
(rev. 09/21)

On November 21, 2025, the Court was notified that Rondon reported to the probation office on November 19, 2025, and tested positive for and admitted to cocaine use on November 15, 2025. The probation office recommended no formal sanctions and requested the Court allow Rondon an opportunity to engage in substance abuse treatment; and the Court concurred.

On December 25, 2025, Rondon was arrested and charged with Driving While Intoxicated (DWI); Aggravated DWI; Operator Leaves Scene of Property Damage Accident; and Unsafe Backing of Vehicle; after he reportedly backed his vehicle into his apartment building and left the scene. The police report notes that Rondon refused a preliminary breath test and a standardized field sobriety test when police arrived. Rondon appeared in Van Buren Town Court on January 12, 2026, where his license was suspended. Rondon reported that he received a hardship license which restricts him from driving unless he is commuting to work, medical appointments, and probation obligations. Rondon is contesting the charges and relates the following when asked about the incident: He went into his apartment after he struck the apartment building and consumed two alcoholic beverages, prior to the police arriving, which he stated was 20 minutes later. He denies being intoxicated at the time of the accident. However, the arresting officer states that the witness at the scene claims Rondon was intoxicated at the time of the crash, and that law enforcement arrived approximately 10 minutes after receiving the call. Of note, Rondon was subject to a breathalyzer three hours after his arrest, and Blood Alcohol Content (BAC) registered a .19%.

Given the circumstances, the probation office is requesting the Court consider adding a condition requiring Rondon abstain from the use of alcohol and serve 30 days on home detention in response to his arrest. The defendant is agreeable with this modification and has signed Probation Form 49, Waiver of Hearing to Modify Conditions. If the Court agrees with this proposed modification, Probation Form 12B and Probation form 49 will need to be filed with the Clerk's Office.

Approved by: _____
William Parker
Supervisory U.S. Probation Officer

Submitted by: _____
Matthew Gilchriest
Supervisory U.S. Probation Officer

Executed on:    January 30, 2026

---

**THE COURT ORDERS:**

☐      No Action

☐      The Extension of Supervision as Noted Above

☒      The Modification of Conditions as Noted Above

☐      Other

_____
Signature of Judicial Officer

_____
January 30, 2026
Date

PROB 49
(Rev. 6/10)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

Waiver of Hearing to Modify Conditions
or Extend Term of Supervision

      I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of supervision or my period of supervision being extended. By 'assistance of counsel,' I understand that I have a right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such hearing at no cost to myself if I am not able to retain counsel of my own choosing.

      I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I agree to the following modification of my conditions or to the proposed extension of my term of supervision.

1. Based upon your history of substance abuse, and for the purpose of effective substance abuse treatment programming, you must refrain from the use of alcohol and be subject to alcohol testing and treatment while under supervision.

2. You must serve 30 days in home detention under conditions to be set by the probation officer. Your period of home detention must begin at the earliest practicable date after this modification is ordered. You are required to be in your place of residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or vocational programs, and such other times as may be specifically authorized by the probation officer or the Court. Location and/or monitoring technology must be used to monitor your compliance. You must pay all costs associated with the use of this system according to your ability to pay as determined by the probation officer.

Witness: _M_ _Melamo Nappa_
U.S. Probation Officer

Signed: _Rafael Rondon_

January 21, 2026
Date